UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJPAL RAJPAL,<br><br>                      Petitioner,<br><br>v.<br><br>DANIEL A BRIGHTMAN, Field Office Director of Enforcement and Removal Operations, et al.,<br><br>                      Respondents. | Case No.: 3:26-cv-00230-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 2]** |

Pending before the Court are Petitioner Rajpal Rajpal's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) and Petition for Temporary Restraining Order ("TRO Motion") (Doc. 2). For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen and national of India. (Doc. 1 ¶ 7.) He fled India to escape political persecution and entered the United States without inspection on or about July 5, 2018. (*Id.* ¶ 8.) "After entry, he was encountered by U.S. Border Patrol and was then released on October 18, 2018 after a bond amount of $15,000 was paid." (*Id.*) Petitioner was re-detained by Respondents on November 27, 2025 while dropping his friend off at a mechanic. (*Id.* ¶ 9.) On January 6, 2026, his request for a custody redetermination was denied pursuant to *Matter of Yajure Hurtado*, 29 I & N. Dec. 216 (BIA 2025). (*Id.* ¶ 10.)

On January 15, 2026, Petitioner filed the Petition (Doc. 1) and TRO Motion (Doc. 2). That same day, the Court set a briefing schedule. (Doc. 3.) On January 23, 2026, Respondents filed their Return to Petition. (Doc. 5.) On January 26, 2026, Petitioner filed his Reply in Support of Petition for Writ of Habeas Corpus. (Doc. 6.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his continued detention without a bond hearing violates the Immigration and Nationality Act, the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the Suspension Clause. (Doc. 1 ¶¶ 38–82.) Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*,[1] is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 5 at 2.) Because the Parties agree that Petitioner is detained under § 1226 and entitled to a bond hearing, the Court grants the Petition.

## IV.   CONCLUSION[2]

The Petition (Doc. 1) is **GRANTED**. Accordingly, the Court **ORDERS**:

---

[1] *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

[2] The Court declines to address the Petition's remaining grounds for relief.

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within seven days** of the entry of this Order.[3] At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[4] that Petitioner poses a danger to the community or a risk of flight.[5]

2. If the bond hearing is not conducted **within seven days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

3. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

   **IT IS SO ORDERED.**

DATE:  January 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Arce-Cervera v. Noem*, Case No. 2:25-cv-01895-RFB-NJK, 2025 WL 3017866, at *7–8 (D. Nev. Oct. 28, 2025).

[4] *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[5] This relief has been granted in similar matters. *See Duong v. Kaiser*, — F. Supp. 3d —, 2025 WL 2689266, at *7–10 (N.D. Cal. Sept. 19, 2025); *Lepe v. Andrews*, — F. Supp. 3d —, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).